ANNA CLIFTON, Appellee, v. WALTER GRANGER,
Appellant.

1. **Evidence**: CRIMINATING QUESTIONS: PRIVILEGE OF WITNESS. The plaintiff in a civil action for seduction may refuse to answer, upon cross-examination, the question whether she had not had sexual intercourse with certain men other than the defendant, previous to the alleged seduction, upon the ground that her answers would criminate her, and such privilege may be claimed by the witness. through her attorney.

2. **Seduction**: PREVIOUS CHASTE CHARACTER OF PLAINTIFF: EVIDENCE. Evidence concerning the relations of the plaintiff in such action with other men, and affecting her chastity, at a time subsequent to the alleged seduction, is not admissible.

3. **Examination of Witnesses**: RELATION OF ATTORNEY AND CLIENT. The fact that the plaintiff's counsel had acted as attorney for the defendant in a matter having no relation to the case on trial, held, not to preclude him from cross-examining the defendant.

4. **Practice**: SUBMISSION OF INTERROGATORIES TO JURY. A party is not. entitled to have submitted to a jury, for their special findings, interrogatories which do not call for a finding of ultimate facts, but rather evidence upon which such facts are based.

5. **Seduction**: EVIDENCE: INSTRUCTIONS TO JURY. Evidence in an action for seduction that at the time the alleged seduction was. claimed to have been accomplished, there were others in the house than the plaintiff and defendant, though material, would not prevent a. recovery.

6. **Appeal**: VERDICT: EVIDENCE. The verdict of a jury will not be. disturbed upon appeal where the evidence is conflicting, and there is. evidence tending to support the verdict.

*Appeal from Harrison District Court.*—HON. GEORGE:
W. WAKEFIELD, Judge.

MONDAY, OCTOBER 24, 1892.

ACTION for seduction. The damages claimed are
for loss of time, medical services, and expense incident.
to confinement, trouble and expense in attending,
caring for, and clothing the child, and for mental

anguish and loss of character. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*S. H. Cochran*, for appellant.

*J. H. Smith & J. S. Dewell*, for appellee.

GIVEN, J.—I. The appellant complains of certain rulings of the court sustaining objections to questions put to the plaintiff upon cross-examination as to her conduct and association with other men than the defendant. It is contended that the plaintiff's character for chastity was in issue, as affecting her right to recover for loss of character, and therefore the questions were competent. The court, in the instructions, recognized his right to show that the plaintiff was not of previous chaste character, for the purpose of mitigating or defeating recovery for loss of character. The correctness of the instruction is not questioned, and therefore stands as the law of the case. The rulings complained of were made upon other grounds, and, we think, correctly made. The plaintiff was asked if she had kept company with other young men previous to the time of the alleged seduction. This was immaterial. An answer in the affirmative would not tend to show want of chastity. She was asked if she had had intercourse with any other men, named in the interrogatories, previous to the alleged seduction. Her counsel objected as incompetent and as matter of defense, and not proper cross-examination, whereupon the court announced, "I think she may answer it."

1. EVIDENCE: criminating questions: privilege of witness.

It is argued that under *Brown v. Kingsley* (38 Iowa, 220), this objection should have been sustained on the ground that it was not proper cross-examination. The ruling was favorable to the appellant, and its correctness is not before us, it not being in question.

Following this ruling, counsel for the plaintiff stated as follows: "The witness claims the privilege of not answering the question, because an answer in the affirmative would have a tendency to criminate herself." Upon this ground the objection was sustained. It is urged that the privilege is personal, and can only be claimed by the witness. Conceding such to be the rule, we think this record shows that the claim was made by the witness. It is not required that she should in person address the court and claim the privilege. It is certainly sufficient if, through her counsel, the court was given to know that the witness did for herself claim the privilege. We must presume from this record that the court knew and understood that it was the witness who was claiming the privilege for herself. It is contended that affirmative answers would not have tended to criminate the witness, and that, as the privilege was claimed upon that ground alone, it should have been denied. It does not appear that all of the men named in the interrogatories were unmarried men, hence we cannot say that an affirmative answer would not have tended to criminate the witness. We think there was no error in sustaining the plaintiff's claim of privilege.

II. Appellant complains of certain rulings of the court sustaining objections to questions put by him to his own witnesses as to the association 2. SEDUCTION: previous chaste charac-ter of plaintiff: evidence. and conduct of the plaintiff with other men, and her statements with respect thereto. These objections were properly sustained upon the ground that the questions were not limited to acts or statements as to acts prior to the time of the alleged seduction. The court plainly stated that, if thus limited, the questions would be proper, but counsel, instead of acting upon this suggestion, refused to so limit his inquiries, and needlessly incumbered the record with numerous questions that he must

have known would be ruled out. No reason is apparent for such a course, unless it was to prejudice the plaintiff by asking questions that would not be answered.

III. The defendant's counsel objected to J. H. Smith, counsel for the plaintiff, cross-examining the defendant, upon the ground that the defendant formerly advised with Mr. Smith as attorney in this case. The objection was overruled, and Mr. Smith permitted to cross-examine. The defendant's evidence on this subject, as shown in the abstracts, is not entirely clear and is somewhat contradictory. We think it fails to show that Mr. Smith was ever retained or counseled in this case. It appears that an attachment was issued against the property of the defendant, and levied upon property claimed by the defendant's mother and one Walt Smith. Mr. Joe H. Smith was consulted with respect to the claim for this property, and prepared notices of ownership for the claimants, for which he was paid two or three dollars. The appellant relies upon *State v. Halstead*, 73 Iowa, 376. In that case the objection was made to counsel appearing in the case at any time, or for any purpose, while in this it was only to his cross-examining a particular witness. In that the relation of attorney and client as to the case existed, in this it did not. There was no error in overruling the objection.

3. EXAMINATION of witnesses: relation of attorney and client.

IV. The appellant asked five special findings, which the court refused to submit. They do not present for answer ultimate facts involved in the case, but questions of evidence, by which it was claimed these ultimate facts were proven or disproven. We think they were properly refused. Code, section 2807.

4. PRACTICE: submission of interrogatories to jury.

V. The appellant complains of the refusal to give the third, fifth, seventh, tenth and twelfth instructions.

**5. SEDUCTION: evidence: instructions to jury.** asked. The third, fifth and seventh are fully covered by the instructions given. There was nothing in the facts of the case to call for the tenth. There was no claim of a second seduction by the defendant. The twelfth is as follows: "Jennie Granger and Ben Gash testify that they were in the house on the night of the eighteenth of October, 1889. If you believe them, you cannot find for the plaintiff." While their presence in the house at that time may have been a very material fact, it did not necessarily defeat the plaintiff's right to recover.

The appellant complains of the seventh paragraph of the charge, wherein the court instructs as to the rules by which to weigh the testimony of the witnesses. The complaint is that the court used the word "him" only, and not "him or her." The instruction was entirely plain and must have been understood as applying to all the witnesses, whether male or female.

VI. It is contended that the verdict is in conflict with the instructions, and contrary to the evidence. **6. APPEAL: verdict: evidence.** A discussion of the evidence is unnecessary; it is sufficient to say that although not free from conflict, yet, in our opinion, the verdict has such support as that it should not be disturbed upon this ground. The instructions were full and explicit. The record fails to disclose any prejudicial errors, and, the verdict being supported by the evidence, the judgment of the district court must be affirmed.

Certain other rulings are assigned as errors, and discussed, which we do not deem of sufficient importance to be entitled to notice. AFFIRMED.