STATE of Iowa, Appellee,

v.

Glennetta McDOWELL, Appellant.

No. 59422.

Supreme Court of Iowa.

Nov. 17, 1976.

Hoxie, Gottschalk & Patterson, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of an order of the trial court excusing a defense witness from testifying on the ground of self-incrimination, in the trial of defendant Glennetta McDowell for shoplifting. See § 709.20, Code 1975.

By permission, defendant made her record in connection with the trial court's order at the conclusion of the evidence at the trial. At that time, of course, all of the evidence was before the trial court. We have condensed that evidence from defendant's accurate statement of the facts in her brief.

Defendant and Carol Dietrick were in Waterloo, Iowa, on March 1, 1976, on furlough from the Iowa Women's Reformatory. They browsed through a clothes rack in a J. C. Penney Store. The security supervi-

sor there testified he observed Dietrick roll up a piece of merchandise and place it in defendant's purse and saw the two women leave the store. The supervisor found two empty hangers where the women had been. He followed the women and found them in a nearby store. He asked them to return to the Penney store and they started back, but defendant then ran, throwing a garment over a wall in the parking lot. With the help of others, the supervisor apprehended defendant and took her to another store, where he found a second garment in her purse. The two garments had J. C. Penney price tags attached. Defendant testified she knew something had been placed in her purse but denied she knew what it was or that she intended to take anything from the Penney store for the use of herself or anyone else or for resale.

Defendant subpoenaed Dietrick as a defense witness, and the trial court directed the sheriff to transport Dietrick to the trial in Waterloo. Dietrick appeared with her attorney, Mr. James C. Dunbar. According to defendant's brief, the purpose of defendant's calling Dietrick as a witness was this:

> This witness was the only person who could testify as to what actually took place within the J. C. Penney's Sportswear Department at the time of the incident, other than the security manager and the defendant herself. It was felt that if the witness would testify she could offer pertinent testimony that would contradict the State's witnesses and confirm the defendant's testimony. It was for this reason that she was specifically subpoenaed.

When defendant called Dietrick to the stand, Mr. Dunbar asserted Dietrick's privilege against self-incrimination on her behalf as to the whole subject matter of the case. U.S.Const. Amends. V, XIV; *Spevack v. Klein*, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574. The trial court upheld the witness' privilege and excused her.

The jury found defendant guilty, the court sentenced her to a term to run concurrently with the sentence she was then serving, and she appealed.

Basically defendant contends in her appeal that the trial court erred in upholding Dietrick's privilege because (1) Dietrick should have asserted the privilege herself and (2) the court should have examined Dietrick to ascertain the validity and extent of the privilege.

■ I. As to the first point, defendant is right that the privilege is personal to the witness and cannot be validly asserted by third persons. 81 Am.Jur.2d Witnesses § 49 at 81; 98 C.J.S. Witnesses § 451 at 291. But a witness' attorney is not a third person; he speaks for the witness. No one claims that Mr. Dunbar did not in fact represent Dietrick when he appeared before the trial court with her. As stated in *Clifton v. Granger*, 86 Iowa 573, 575, 53 N.W. 316, 316: "It is urged that the privilege is personal, and can only be claimed by the witness. Conceding such to be the rule, we think this record shows that the claim was made by the witness. It is not required that she should in person address the court and claim the privilege. It is certainly sufficient if, through her counsel, the court was given to know that the witness did for herself claim the privilege. We must presume from this record that the court knew and understood that it was the witness who was claiming the privilege for herself."

■ Although some decisions hold otherwise, we hold that a witness may assert the privilege by speaking through counsel. Decisions taking this view are *United States v. Kasmir*, 499 F.2d 444 (5 Cir.); *United States v. Judson*, 322 F.2d 460 (9 Cir.); *Colton v. United States*, 306 F.2d 633 (2 Cir.), cert. den. 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499; *Brody v. United States*, 243 F.2d 378 (1 Cir.), cert. den. 354 U.S. 923, 77 S.Ct. 1384, 1 L.Ed.2d 1438; *Application of House*, 144 F.Supp. 95 (N.D.Cal.); *People v. Myers*, 35 Ill.2d 311, 220 N.E.2d 297; and *Victoria v. State*, 522 S.W.2d 919 (Tex.Cr.App.).

Mr. Dunbar could validly assert Dietrick's privilege for her.

■ II. Preliminarily on defendant's second point, when a witness' privilege

against self-incrimination under the Fifth Amendment collides with an accused's right to compulsory process under the Sixth Amendment, the latter must give way. *State v. Parham*, 220 N.W.2d 623 (Iowa); *United States v. Gomez-Rojas*, 507 F.2d 1213 (5 Cir.); *United States v. Lacouture*, 495 F.2d 1237 (5 Cir.), cert. den. 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648; *Myers v. Frye*, 401 F.2d 18 (7 Cir.); *Murdock v. United States*, 283 F.2d 585 (10 Cir.); *Johnson v. Johnson*, 375 F.Supp. 872 (D.Mich.). See also *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, n. 21.

Defendant's second point goes to the sufficiency of the trial court's procedure to determine reliably whether Dietrick's claim of privilege was valid and the extent of the privilege. See 81 Am.Jur.2d Witnesses § 52 at 85–87; 98 C.J.S. Witnesses § 454 at 299–305.

Two of the principal decisions on this issue are *Hoffman v. United States*, 341 U.S. 479, 486–487, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1124, and *State v. Parham*, 220 N.W.2d 623, 626 (Iowa). This passage appears in *Hoffman*:

The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951), and to require him to answer if "it clearly appears to the court that he was mistaken." *Temple v. Commonwealth*, 75 Va. 892, 899 (1881). However, if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because in-

jurious disclosure could result. The trial judge in appraising the claim "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." See Taft, J., in *Ex Parte Irvine*, 74 F. 954, 960 (C.C.S.D.Ohio 1896).

In *Parham*, after quoting the passage from *Hoffman*, we said:

This federal standard applies in a prosecution by a state in determining whether the privilege is properly asserted. *Malloy v. Hogan*, 378 U.S. [1,] at 14, 84 S.Ct. [1489,] at 1497, 12 L.Ed.2d [653,] at 662. The power to decide if the witness may assert his privilege against self-incrimination is thus vested in the trial court to be exercised in its sound discretion under all the circumstances then present.

As to the *validity* of Dietrick's claim of privilege, the evidence shows defendant and another person were in a Penney store browsing through clothes. Defendant herself asserts that the other person was Dietrick; she subpoenaed Dietrick as a witness. The supervisor saw that other person place merchandise in defendant's purse. Defendant and the other person left, the supervisor followed, defendant fled and tried to "ditch" one of the articles, and the supervisor and others apprehended her and found another tagged article in her purse.

The identity of the other person as Dietrick is beyond doubt. Under these circumstances Dietrick's implication in the incident is plain. Defendant does not contend that Dietrick pled guilty and thus lost her privilege, nor does defendant suggest any other cause for loss of the privilege. The trial court properly upheld Dietrick's claim of privilege.

As to the *extent* of the privilege, a problem might exist but for defendant's statement of the scope of her intended examination of Dietrick. See *State v. Parham*, supra, 220 N.W.2d at 628. Defendant candidly states in her brief the testimony Dietrick could give—"what actually took place within the J. C. Penney's Sportswear Department at the time of the incident. . . . "

This incident was the subject matter of the case, the corpus delicti. Dietrick claimed and the trial court upheld the privilege regarding this subject matter.

 We hold that under these circumstances, the trial court properly upheld the privilege as to the subject matter of the case. Had the court compelled Dietrick to testify about what actually took place within the J. C. Penney sportswear department at the time of the incident, it would have compelled her to place herself in the center of the alleged crime.

Defendant did not suggest at trial and does not now suggest that she desired to question Dietrick about other subjects—matters which were not privileged.

The trial court did not err respecting the validity and extent of the privilege, under the circumstances of this case.

We find no error.

AFFIRMED.