STATE of Iowa, Plaintiff-Appellee,

v.

Donald Lee SERR, Defendant-Appellant.

No. 66102.

Court of Appeals of Iowa.

April 27, 1982.

Christian T. Odell, Asst. Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

SNELL, Judge.

Defendant appeals his conviction for delivery of a controlled substance (marijuana) for profit in violation of section 204.401(1), The Code 1979, asserting: (1) the evidence was insufficient to establish intent to profit; (2) the evidence of prior marijuana sales should have been excluded; (3) evidence of a contemporaneous marijuana sale should have been excluded and (4) a mistrial should have been granted when the State brought suppressed evidence into the courtroom on two different occasions. The defendant's conviction is affirmed.

John Langley, an informant, met defendant, Donald Lee Serr, in a bar located in Sanborn, Iowa, on the evening of March 15, 1981. After some discussion about purchasing some marijuana, Langley and defendant left the bar and drove to the Sanborn Cemetery in defendant's car to consummate the sale. Langley testified he gave defendant forty dollars in exchange for a bag of marijuana. Langley also testified he saw Dwight Jacobs arrive at the cemetery and buy one-half bag of marijuana from defendant.

When defendant and Langley returned to the bar, Langley gave a prearranged signal that the "buy" had been made. Plainclothes officers Schuknect and Trappe then followed defendant into the bar where he was subsequently arrested. Defendant's car was impounded and searched without a warrant. One-half bag of marijuana was recovered from the glove compartment of defendant's car. The search of the car also turned up the following items: four plastic baggies of marijuana; a glass pipe; assorted pills; locking forceps; a gram scale; a notebook chronicaling drug transaction and a pen. Other drugs and drug paraphernalia were found on defendant and in defendant's home. Currency totaling $1240 and a check for $75 were also seized from defendant upon booking.

Defendant moved to suppress "all evidence oral or tangible, obtained directly or indirectly from the Defendant" contending there was no probable cause to arrest defendant and the warrantless search of the car was unconstitutional. The judge found probable cause for the arrest but concluded the search of the car was unconstitutional. Consequently, the motion to suppress was "sustained as to the half bag of marijuana found in the glove compartment of defendant's car; the balance of the motion [was] overruled."

Prior to trial, defendant filed a motion in limine, requesting exclusion of evidence relating to several prior marijuana sales by defendant to Langley, exclusion of evidence relating to the contemporaneous sale of marijuana by defendant to Jacobs and exclusion of all the evidence obtained from the search of defendant's car. The trial court sustained the portion of defendant's motion pertaining to the evidence obtained from the search of the car and overruled the balance of the motion.

I. Contemporaneous Sale of Marijuana to Jacobs.

Prior to trial, defendant moved in limine to exclude evidence relating to defendant's sale of marijuana to Dwight Jacobs that had been witnessed by Langley. Defendant argues that since evidence was suppressed that defendant put a half bag of marijuana in his glove compartment after selling the other half to Jacobs, the State should not be able to introduce any evidence concerning

the sale. Defendant contends any other ruling would negate the effect of suppressing the evidence prior to trial. We disagree.

At the outset, we note the admissibility of evidence relating to a separate crime is basically a question of the relevancy. *State v. Powell*, 256 N.W.2d 235, 237 (Iowa 1977). Admissibility is largely within the discretion of the trial court. *State v. Oppedal*, 232 N.W.2d 517, 520 (Iowa 1975). We reverse a trial court's use of discretion only when it is palpably and grossly violative of fact or logic such that it smacks of passion or bias. *See State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976).

We are of the opinion evidence of the contemporaneous sale of marijuana by defendant to Jacobs was admissible as falling within the concept of *res gestae*. In *State v. Drake*, 219 N.W.2d 492, 494 (Iowa 1974), quoting *State v. Lyons*, 210 N.W.2d 543 (Iowa 1973), the court indicated, "The State is always entitled to show what actually happened at the time of the offense. The fact that this may necessarily include recitation of the commission of another crime or other unfavorable circumstances does not render the evidence inadmissible." In *State v. Robinson*, 170 Iowa 267, 276, 152 N.W. 590, 593 (Iowa 1915), the court stated:

> The general rule is that the state is not permitted, in its efforts to establish the crime charged, to introduce evidence of another substantive offense, but the rule is that, where the acts are all so closely related, in point of time and place, and so intimately associated with each other that they form one continuous transaction, the whole transaction may be shown—what immediately preceded and what immediately followed the act complained of—for the purpose of showing the scienter or quo animo of the party charged.

Jacob's purchase of the marijuana from defendant was an inseparable part of the whole offense with which defendant is charged. This case is factually different from *State v. Oppedal*, 232 N.W.2d 517 (Iowa 1975), in which the court excluded three pounds of marijuana confiscated from a person who arrived at the front door of defendant's apartment just as the police were conducting a lawful search of the apartment. In that case there was no integral or inseparable relationship between defendant's crime and the marijuana seized. In the case at bar, defendant's sale of marijuana to Langley was contemporaneous with defendant's sale of marijuana to Jacobs. The sale to Jacobs occurred within minutes of the sale to Langley and took place in front of Langley. The sale of marijuana to Jacobs was "so closely related in point of time and place," *State v. Holoubek*, 246 Iowa 109, 113, 66 N.W.2d 861, 863 (Iowa 1954), to defendant's sale of marijuana to Langley, that Langley could testify to the events occurring contemporaneously with his purchase. *State v. Fryer*, 243 N.W.2d 1, 6 (Iowa 1976). The testimony does not relate to the previously suppressed one-half bag of marijuana recovered from the illegal search of defendant's car so that the exclusionary rule is not compromised under these facts. We conclude the testimony by Langley regarding the facts and occurrences at the Sanborn Cemetery falls within the *res gestae* of the crime with which defendant is charged and is admissible.

## II. Prior Marijuana Sales.

Prior to trial, defendant moved to exclude testimony by Langley regarding his prior purchases of marijuana from defendant. The trial court overruled the motion. Langley was permitted to testify to the facts surrounding two prior purchases of marijuana from defendant. Defendant claims that constituted prejudicial error. We disagree.

Generally, evidence which shows commission of crimes other than the one with which a defendant is charged is inadmissible. *State v. McDaniel*, 265 N.W.2d 917, 921 (Iowa 1978). When the evidence tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more

crimes so related that proof of one tends to prove the other, or (5) the identify of the person charged with commission of the crime, an exception to the general rule permits admission of the evidence. *Id.* The State argues Langley's testimony is admissible to prove absence of mistake or accident. Defendant argues the State is precluded from raising that rationale in support of admissibility for the first time on appeal.

■ In *State v. Pepples*, 250 N.W.2d 390, 393–94 (Iowa 1977), the court stated, "We will uphold the challenged ruling if the specific objection could properly have been overruled on any theory." The decision whether to admit the testimony regarding prior crimes is committed to the sound discretion of the trial court. *State v. Cott*, 283 N.W.2d 324, 329 (Iowa 1979). Thus, we review the case at bar to determine whether the trial court would have abused its discretion in admitting testimony regarding prior marijuana sales by defendant to Langley on the theory it tended to prove absence of mistake or accident.

■ Defendant testified he did not sell the marijuana to Langley. Defendant claims he repeatedly rebuffed Langley's attempts in the bar to negotiate a sale of marijuana. Defendant's testimony indicates Langley was not invited to accompany defendant to the Sanborn Cemetery but instead barged his way into defendant's car. After the sale to Jacobs at the cemetery and their return to the bar in Sanborn, defendant claims Langley grabbed a bag of defendant's marijuana and threw two twenty-dollar bills to him. Essentially, defendant claims no sale of marijuana was planned or intended. He argues only by virtue of the circumstances was an exchange permitted to occur.

We think the evidence of the prior marijuana sales between defendant and Langley tends to counter defendant's characterization of the transaction. This evidence bears on whether the transaction between defendant and Langley was an accident or whether it was in fact a conscious sale. *Cf. State v. McDaniels*, 265 N.W.2d 917, 921

(Iowa 1978). A question of credibility is presented for the jury to resolve. Since the trial court's ruling admitting testimony of prior sales can be upheld under the "accident or mistake" exception to the general rule, the ruling is affirmed.

### III.   Intent to Profit.

Defendant argues his conviction should be reversed because the State failed to establish an element of the crime, *i.e.*, delivery of a controlled substance for the purpose of making a profit. § 204.401(1), The Code 1979. Defendant properly raised his objection by moving for a directed verdict at the close of the State's evidence.

We see no merit in defendant's position for two reasons.

■ First, defendant in his brief states, "At the close of the State's case, defense counsel unsuccessfully moved for a directed verdict based on the State's failure to present any evidence on [defendant's purpose of making a profit.]" Clearly the defendant's brief assigns as error the trial court's order overruling defendant's motion for a directed verdict, which was made at the close of the State's evidence. In *State v. Rinehart*, 283 N.W.2d 319, 320 (Iowa 1979), the court stated, "[e]rror cannot be predicated on failure to grant a motion for a directed verdict at the close of the State's evidence." *See also State v. House*, 223 N.W.2d 195, 195 (Iowa 1974). Consequently, defendant's first brief point technically does not present any reversible error for our review.

However, trial counsel did renew his motion for directed verdict at the conclusion of defendant's evidence, which also was overruled. Assuming the first brief point also refers to the trial court's ruling on the renewed motion, on the merits we reject the argument.

■ In passing upon a defendant's motion for a directed verdict, the court views the evidence in a light most favorable to the State and accepts reasonable inferences from the evidence which support the

verdict. *State v. McDaniel*, 265 N.W.2d 917, 922 (Iowa 1978). If substantial evidence supports the charge, the court must submit the case to the jury for determination. *Id.* We find there was substantial evidence of defendant's intent to profit. As such, the motion was properly overruled.

▉ Reference to only part of the evidence tending to establish defendant's intent to profit is all that is necessary. "Profit" is defined as the excess of returns over expenditures. *State v. Hillsman*, 281 N.W.2d 114, 116 (Iowa 1979). Actual profit is not necessary. *Id.* Defendant need only intend to profit from the transaction. *Id.* Given intent is rarely susceptible of direct proof, the fact finder may determine intent "by such reasonable inferences and deductions as may be drawn from the facts proved by the evidence in accordance with common experience and observation." *State v. Rinehart*, 283 N.W.2d 319, 321 (Iowa 1979).

▉ Langley testified defendant said four or five bags of marijuana, identical to the marijuana defendant sold Langley, would be worth no more than $130 to $135. That testimony is probative on two points. The first is it indicates that identical marijuana purchased in a quantity of four or five bags, would cost substantially less per bag than the bag of marijuana defendant sold Langley. Defendant testified he had purchased marijuana in quantities up to two bags. Secondly, the testimony indicates defendant was knowledgeable about buying marijuana in large quantities. Further, the record establishes defendant had over $1200 in cash in a plastic baggie when he was arrested. Possession of $1200 on defendant's person at the time of arrest has been held supportive of a jury's finding of a profit motive. *See State v. Hillsman*, 281 N.W.2d at 114. Evidence of prior sales of marijuana and of the sale to Jacobs indicates defendant was regularly engaged in the sale of marijuana. Viewing the evidence in a light most favorable to the State, we are of the opinion a rational jury, weighing the evidence and testimony, could conclude defendant intended to profit from his sale of marijuana. Consequently, the trial court properly submitted the issue of intent to profit to the jury.

## IV. Trial Misconduct.

Just before the commencement of trial, the county prosecutor entered the courtroom carrying a box. The box contained previously suppressed evidence relating to the case. Defense counsel, thinking the box had not prejudiced defendant since it was completely covered with manilla envelopes, simply asked the prosecutor to remove the box.

During trial, when the prosecutor called Officer Schuknect as a witness, he entered the courtroom carrying the same box. Defense counsel then approached the bench and requested a record be made in the court's chambers regarding the box containing the suppressed evidence. In chambers, defense counsel moved for a mistrial contending the defendant had been prejudiced by the box being in the courtroom. Counsel argued the contents which included drugs and drug paraphernalia, would inflame the jury and taint their objectivity. The prosecutor responded that the box was nearly completely covered and if any jurors could have seen the contents it would have been for a small amount of time. The prosecutor also argued Officer Schuknect's actions were not done in bad faith. The reason proffered for the occurrence was that Officer Schuknect, as custodian of the evidence, kept it in his possession because there was a possibility the evidence, although suppressed, would subsequently become admissible.

The trial court in its ruling on defendant's motion for mistrial, stated:

> The Court has heard the statements and arguments of counsel and the Court has examined the particular box under discussion and finds that the box has dimensions of approximately twelve and one-half inches by thirteen inches and that it's ten inches high; and it's a cardboard box and that the box is approximately one half to two-thirds full of material, as stated by defense counsel, and

that on top of the contents are some manila envelopes; and the Court observed the entire procedure in which the deputy sheriff brought the box into the courtroom and placed it near the jury box, all of which took place over a matter of a very, very few seconds, and in the mind of the Court any observations that the jury made of the box would certainly have been of a very short duration and it's highly unlikely that the jurors would have been able to determine what was in the box, other than the manila envelopes, which they could see; and that under all the facts and circumstances, as disclosed by what took place in the courtroom and what has been brought out here by the defendant's attorney, it's highly unlikely in the opinion of the Court that any prejudice could result to this defendant by the merely bringing in of the box, the contents of which were not revealed to the jury in any other manner than disclosed in the record in chambers; and it's highly unlikely that under the circumstances that any prejudice resulted to this defendant and the Court rules that the defendant's motion for a mistrial is hereby overruled.

Defense counsel, for the record, stated the "few seconds" referred to by the court was more like forty seconds. He also claimed the jury could have seen some marijuana in the box.

 The trial court has considerable discretion in determining whether misconduct of counsel is prejudicial. *Christiansen v. Kramer*, 257 Iowa 974, 135 N.W.2d 644, 648 (Iowa 1965). We reverse the exercise of a court's discretion only where the trial court has clearly abused that power. *See State v. Brewer*, 247 N.W.2d 205, 211 (Iowa 1976);

*State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976). We consider only the second exposure of the jury to the box due to the fact defense counsel concludes the first exposure was not prejudicial and because objection to that occurrence had not been properly lodged. *Cf. Lohman v. State*, 348 N.E. 39, 40 (Ind.App.1976) (which held defendant's failure to object when unintroduced evidence had been brought into the courtroom, and his reference to the evidence precluded him from objecting to the evidence the following day.)

We do not believe the trial court abused its discretion in denying defendant's motion for a mistrial. The court found the box was substantially covered, giving three or four jurors only a fleeting opportunity to observe the contents of the box. In overruling the motion for mistrial, the court acted well within the bounds of proper discretion. *See State v. Stutches*, 163 Iowa 4, 10, 144 N.W. 597 (Iowa 1913). Further, any prejudice that may have occurred by exposing the jury to inadmissible evidence was cured by the instructions to the jury admonishing them to consider only evidence that was admitted into the record. *See Sullenberger v. Ahrens*, 168 Iowa 288, 150 N.W. 71 (Iowa 1914); *see also Christianson v. Kramer*, 257 Iowa 794, 135 N.W.2d 644, (Iowa 1965).

Defendant's conviction is affirmed.

AFFIRMED.