STATE of Iowa, Plaintiff-Appellee,

v.

Robert C. BROOKHISER, Jr.,
Defendant-Appellant.

No. 84–1289.

Court of Appeals of Iowa.

Aug. 29, 1985.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

Defendant, Robert Brookhiser, and his wife, Beverly, were jointly charged with selling marijuana to Gregory Brugman, an undercover agent with the D.C.I. The sale was arranged by Greg Brown, who was working for the D.C.I. as an informant. Defendant and his wife were tried separately.

During the direct examination of agent Brugman, the prosecutor inquired as to the defendant's appearance at the time of the transaction. Over defense counsel's rele-

vancy objection, Brugman was permitted to testify that the defendant's "eyes were bloodshot, they were glassy, looked [like] they'd been watery. He looked like he had been smoking marijuana."

Defendant asserted the defense of entrapment. The defense called Beverly who testified that all of Greg Brown's prior visits to defendant's home had been social. Outside the presence of the jury, the prosecution requested that the court allow questions on cross-examination of Beverly concerning if she had sold drugs to Brown on his prior visits to their home. Defense counsel requested that Beverly be permitted to assert her privilege against self-incrimination to such questions outside the presence of the jury. The court ruled it would allow the prosecution's questions, and the defense request was denied.

On cross-examination, then, prosecution asked Beverly whether she sold drugs to Brown during any of those visits. Defense counsel objected on the grounds of relevancy and improper character evidence. The objection was overruled. Beverly asserted her fifth amendment privilege in the presence of the jury.

■ The defendant was found guilty as charged. He has appealed alleging the trial court erred in denying his motion for a mistrial. Since this action is a proceeding at law, our scope of review is on assigned errors only. *State v. Cullison,* 227 N.W.2d 121, 126–27 (Iowa 1975).

**I. Fifth Amendment Privilege.** Defendant initially asserts that the trial court erred in denying defendant's motion for mistrial on the ground of prosecutorial misconduct. Defendant contends that Beverly should have been allowed to assert her fifth amendment privilege against self-incrimination outside the presence of the jury. In essence, defendant's claim is that the prosecution acted improperly in questioning Beverly on cross-examination because the prosecution knew that Beverly would invoke her fifth amendment privilege. He argues that it was the design of the prosecution to create an inference of criminal dealings between Beverly and the

informant. Because Beverly was the defendant's wife, this would prejudice the defendant in the eyes of the jury.

The two Iowa cases which defendant relies on to support his theory of prosecutorial misconduct involve situations where the prosecution calls the witness to the stand *as a state witness in bad faith,* knowing the witness will invoke his fifth amendment privilege. *See State v. Allen,* 224 N.W.2d 237 (Iowa 1974); *State v. Whitfield,* 212 N.W.2d 402 (Iowa 1973). This circumstance is clearly distinguishable from the situation in the present case. Here, Beverly was called as a *defense* witness, and testified on direct examination about the purpose of the informant's prior visits to her home. The prosecution on cross-examination also inquired into the purpose of the informant's visits. It was to this inquiry that Beverly asserted her fifth amendment privilege. We conclude that the *Whitfield* test has no application to the present situation.

■ There are no Iowa cases dealing with whether a defense witness should be required to claim her fifth amendment privilege during cross-examination outside the presence of the jury. In order to answer this question we must address whether the evidence sought to be elicited from Beverly on cross-examination was admissible.

Iowa Rule of Evidence 611(b) states that: Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

In this case, the trial court correctly determined that the prosecutor's proposed line of questioning regarding the informant's visits was within the scope of Beverly's direct examination. Therefore, the evidence to be elicited from Beverly was admissible.

■ Because the scope of the State's cross-examination was proper, Beverly's self-incrimination privilege necessarily had

·to be asserted in the presence of the jury. To hold otherwise would leave the jury with the false impression that the informant's visits were only social. It would simply be unfair to allow defendant to present the informant's visits in a light favorable to his case and then prevent the jury from hearing about portions of the informant's visits favorable to the State's case.

■ Furthermore, we question if defendant has ground for complaint regarding Beverly's claim of privilege. It has long been established in Iowa that the right of a witness to claim the privilege against self-incrimination is personal to her. *State v. Snyder,* 244 Iowa 1244, 59 N.W.2d 223, 226 (1953). Accordingly, the claim of privilege cannot be interposed for the witness by the defendant or the defendant's counsel. *State v. McDowell,* 247 N.W.2d 499, 500 (Iowa 1976). It would seem, then, that defendant has no ground for complaint regarding the witness's claim of privilege because his own rights were not violated. 80 Am.Jur.2d *Witnesses* § 34, 62 (1976).

We conclude that the trial court did not err in denying defendant's motion for mistrial on the ground of prosecutorial misconduct.

**II. Relevancy of Evidence.** Whether evidence is material and relevant are matters within the broad discretion of the trial court, and the Iowa appellate courts will not interfere absent an abuse of discretion. *State v. Serr,* 322 N.W.2d 96, 99 (Iowa Ct.App.1982). "We reverse a trial court's use of discretion only when it is palpably and grossly violative of fact or logic such that it smacks of passion or bias." *Id.*

■ Defendant asserts that the trial court erred in admitting into evidence testimony of Agent Brugman regarding the defendant's appearance at the time the crime was committed. The pertinent part of the direct examination of Agent Brugman is the following:

PROSECUTOR: Special Agent Brugman, what was the appearance of the defendant when he returned with Miss Ives to 1211 Aetna Street after obtaining the marijuana? A. His—

DEFENSE COUNSEL: Your Honor, that's not relevant; I'd object.

THE COURT: Overruled.

PROSECUTOR: You can answer. A. His eyes were bloodshot, they were glassy, looked they'd been watery. He looked like he had been smoking marijuana.

We cannot deny defendant's contention that defendant's appearance is irrelevant and immaterial in proving the charge of delivery of a controlled substance. The only elements of this crime are that defendant delivered marijuana, defendant knew the substance he delivered was marijuana, and the delivery was for profit. Defendant's appearance and/or intoxication at the time of the crime do not make the existence of any material issue in the charge more probable. This is true especially in this case where the defense is entrapment and defendant is not denying any elements of the charge against him.

Assuming, then, that the trial court's ruling was wrong and defendant's objection should have been sustained, we still conclude that it was not so prejudicial as to constitute reversible error.

The question we must answer to determine whether a ruling on admission of evidence was prejudicial is: "Does it sufficiently appear that the rights of the complaining party have been injuriously affected by the error or that he has suffered a miscarriage of justice?" *State v. Idaho,* 253 N.W.2d 101, 107 (Iowa 1977).

The offending question and the volunteer answer might tend to raise the inference that because defendant is a user of marijuana he is more likely to sell drugs. However, there was overwhelming evidence in this case that defendant intended to sell the marijuana, and did. We find in this instance defendant's case was not injuriously affected by the alleged error, nor did it result in a miscarriage of justice.

AFFIRMED.