**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Appellant,**

v.

**Roger W. EVANS, Appellee.**

**No. 95–258.**

Supreme Court of Iowa.

Sept. 20, 1995.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for appellant.

Daryl L. Hecht and David R. Crary, Sioux City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

The board of professional ethics and conduct has appealed from a recommendation of the grievance commission concerning charges that the respondent, Roger W. Evans, violated our code of professional conduct. Because we view the conduct as more serious than would call for merely private reprimand, as recommended by the commission, we order the suspension of the respondent's license.

The respondent is a lawyer in Sioux Center, Iowa. His practice has included "quite a bit of probate," but the violations charged here involve his alleged failure to adhere to several of our well-known probate statutes and procedural rules. These violations arise out of two estates in Sioux County. The committee charged that in both estates the respondent took all or part of his attorney fees before the court entered an order authorizing payment of the fees. In addition, he was charged with receiving, in one of the estates, fees of $7300 in excess of the amount to which he was entitled.

The scope of review in lawyer disciplinary proceedings is de novo. *Committee on Professional Ethics & Conduct v. Oltrogge*, 463 N.W.2d 19, 19 (Iowa 1990); Iowa Sup.Ct.R. 118.11. While we give respectful consideration to the findings and recommendations of our commission, we are not bound by them. *Committee on Professional Ethics & Conduct v. Tullar*, 466 N.W.2d 912, 913 (Iowa 1991). The burden of proof is on the board to prove the violations by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Hutcheson*, 471 N.W.2d 788, 789 (Iowa 1991). This burden is greater than that required in civil cases, but less than that required in criminal cases. *Committee on Professional Ethics & Conduct v. Hurd*, 375 N.W.2d 239, 246 (Iowa 1985).

## I. *The Premature Receipt of Fees.*

Under Iowa Code section 633.198 (1995), the court is to determine the amount of fees to be allowed an attorney for the estate. Iowa Rule of Probate Procedure 2(d) elaborates on the timing and procedure for payment of the fees by providing:

One-half of the fees for ordinary services may be paid when the federal estate tax return, if required, and the Iowa inheritance tax return, if required, are prepared. When an inheritance tax return is not required, an inheritance tax clearance must be filed. When a federal estate tax return is not required, the one-half fee may be paid when the Iowa inheritance tax return is prepared, or, when it is not required, when the inheritance tax clearance is filed. The remainder of the fees may be paid when the final report is prepared and the

costs have been paid. The schedule for paying fees may be different when so provided by order of the court for good cause.

In the estate of Howard Miller, the respondent took his full fee fifteen months before the court's fee order and the final report were filed. In the estate of Alfred Hoogland, he took half of his fees almost four months before the court entered an order allowing fees and the remainder of his fees seven months prior to the filing of the final report. In both estates, he therefore violated Iowa Code section 633.198 and probate rule 2(d).

 Receipt of a probate fee without prior court authorization is a violation of DR 1–102(A)(5) (lawyer shall not engage in conduct prejudicial to administration of justice) and DR 2–106(A) (lawyer shall not collect illegal fee). *See Committee on Professional Ethics & Conduct v. Rauch,* 486 N.W.2d 39, 39 (Iowa 1992); *Committee on Professional Ethics & Conduct v. Coddington,* 360 N.W.2d 823, 825–26 (Iowa 1985).

While the respondent contends that he understood our statute and rule to permit receipt of the fees in the manner in which he received them, this is clearly not consistent with the wording of either the statute or the rule. In fact, pleading unfamiliarity with the probate code is a two-edged sword. As stated by the Indiana court,

> [i]t would be ludicrous for this court to find misconduct under the disciplinary rules and then excuse an attorney because he asserted unfamiliarity with the rules. If anything the fact that respondent was unaware of the rules demonstrates his unfitness.

*In re Castello,* 273 Ind. 136, 141, 402 N.E.2d 970, 972–73 (1980).

## II. *Excessiveness of Fees.*

 The committee charged that the respondent received excessive fees in the Hoogland estate by including (1) the half of the joint tenancy property attributed to the decedent's surviving spouse, (2) real estate owned by the decedent outside of the State of Iowa, and (3) life insurance proceeds payable to a named beneficiary.

Iowa Code section 633.197 bases fees on the value of the estate for inheritance tax purposes. Under Iowa Code section 450.2 (1995) (real estate outside of state) and section 450.3(5) (joint tenancy property attributed to spouse), certain assets are not includable for inheritance tax purposes. In addition, life insurance payable to a named beneficiary, as here, should not have been included. The respondent does not deny this.

As to the life insurance proceeds, the respondent contends that he corrected the mistake prior to the time he actually received the fees and that he included the Minnesota property by oversight because of the "rush" of attorneys present on the motion day when he had his fee application approved. He blames the inclusion of the joint tenancy property on the executor, whose duties included the marshalling of the assets and their proper identification, according to the respondent.

We believe these excuses are insufficient. The respondent was not at all clear as to why he did not compute his fee prior to appearing before the court on a busy motion day. As to the alleged fault of the executor in including the joint tenancy property, we note that it is the respondent's duty to present an accurate list of assets for purposes of determining attorney fees, and this responsibility may not be shifted to the executor.

We hold that the inclusion of these assets in the estate for attorney fee purposes violated DR 2–106(A) (lawyer shall not charge or collect an illegal or clearly excessive fee).

## III. *Disposition.*

 The commission found that a private reprimand was sufficient because the respondent had committed only "technical" violations. While we give respectful consideration to the findings and recommendations of the commission, we disagree with the commission's recommendation in this case.

The respondent has been previously reprimanded publicly, and we take that into consideration in imposing discipline. *See Committee on Professional Ethics & Conduct v. Leed,* 477 N.W.2d 390, 392 (Iowa 1991). We conclude that the violations charged in this

case, in light of the respondent's prior reprimand, demand a more serious sanction than a private reprimand.

For the reasons stated, the respondent's license to practice law in this state is suspended indefinitely with no possibility of reinstatement for thirty days. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, the respondent shall have the burden to prove that he has not practiced law during the period of suspension and that he has met the requirements for client notification and disengagement from the practice as set forth in court rules 118.13 and 118.18. The costs of this proceeding are assessed to the respondent.

**LICENSE SUSPENDED.**