# IN THE SUPREME COURT OF IOWA

No. 70 / 07-0385

Filed August 31, 2007

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

Complainant,

vs.

**JOHN W. CARTY**,

Respondent.

On review of the report of the Grievance Commission.

Grievance Commission reports that respondent has committed ethical misconduct and recommends a suspension from the practice of law. **LICENSE SUSPENDED.**

Charles L. Harrington and Wendell J. Harms, Des Moines, for complainant.

Brent B. Green and Bradley C. Obermeier of Duncan, Green, Brown & Langeness, Des Moines, for respondent.

**CADY, Justice.**

The Iowa Supreme Court Attorney Disciplinary Board (Board) charged John W. Carty with numerous violations of the Iowa Code of Professional Responsibility for Lawyers. The Grievance Commission of the Supreme Court of Iowa (Commission) found Carty violated the Iowa Code of Professional Responsibility for Lawyers. It recommended Carty be suspended from the practice of law for a period not less than four months. Upon our review, we find Carty violated the Iowa Code of Professional Responsibility for Lawyers, and we suspend his license to practice law for a period of sixty days.

## I. Background Facts and Proceedings.

John W. Carty has practiced law in Winfield, Iowa, since 1952. During his long career, he was disciplined on one occasion for professional misconduct. This occurred in 1994 when he was publicly reprimanded for becoming personally involved in a business interest of a client.

At the time of the facts and circumstances that gave rise to this proceeding, Carty was in the process of limiting his clientele in contemplation of retirement. His long-time secretary, or legal assistant, also left her employment during this time, and Carty employed a new secretary.

In April 2001, Carty was designated as the attorney for the estate of Ralph G. Beech, who died testate on March 18, 2001. Carty had prepared a will for Beech and performed other legal services for him shortly before his death.

The district court eventually ordered that Carty be paid fees for his ordinary services in the estate in the amount of $19,086.74. This fee

was based on the gross value of the estate, as disclosed by the report and inventory prepared and filed with the court by Carty.

Carty subsequently completed the essential legal work in the case without incident and was preparing to close the estate. He arranged for the coexecutors to come to his law office to sign the tax returns, final report and other documents so the closing order could be entered upon receipt of the tax clearances.

One of the coexecutors failed to appear at the appointment scheduled by Carty. The other coexecutor appeared and signed the documents. The coexecutor also issued a check to Carty for his legal fees in the full amount previously allowed by the district court. Carty intended to place the check into his trust account, but his new secretary deposited it in his office account.

The coexecutor who failed to appear at Carty's office to sign the documents died before he was able to execute all of the necessary closing documents. Carty then discovered the deceased coexecutor had submitted documents to him that overvalued Beech's estate by nearly $90,000. Consequently, Carty filed an amended inventory with the court to reflect the reduced value of the estate, together with amended tax returns and other documents, but never sought to reduce the amount of the fees for his ordinary services based on the reduced amount of the gross value of the estate. Instead, Carty eventually sought an allowance for extraordinary services based on the additional work he was required to perform to correct the mistake caused by the deceased coexecutor.

Carty requested extraordinary fees of $23,871.69 based on 182 hours of legal work. However, a portion of his application for fees detailed legal services that were duplicative of some of the services

performed as a part of his ordinary fees. The inclusion of these services was likely due to miscommunication between Carty and his secretary during a time when Carty was working from his home after recuperating from heart surgery.

The district court approved the application for extraordinary fees requested by Carty. Carty was then paid the extraordinary fees requested in his application, and the estate was closed. Carty never sought to return the excessive ordinary fees ($1665), and he did not seek to return any portion of the duplicative extraordinary fees after they were discovered.

## II. Board Complaint.

The Board charged Carty with a variety of disciplinary violations, and the parties subsequently stipulated to conduct to support a finding by the Commission that Carty violated the Iowa Code of Professional Responsibility. Specifically, the Commission found that Carty: (1) collected an illegal fee in violation of DR 2—106(A) when he received his full ordinary fee prior to the time the final report was filed and the costs were paid, and (2) charged or collected an illegal or clearly excessive fee in violation of DR 2—106(A) by failing to amend the ordinary-fee claim and submitting a claim for extraordinary fees that included duplicative services. *See* DR 2—106(A) ("A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee."). The Commission also found Carty's conduct violated DR 1—102(A)(1) (lawyer shall not "[v]iolate a disciplinary rule") and DR 1—102(A)(6) (lawyer shall not "[e]ngage in any other conduct that adversely reflects on the fitness to practice law").

### III.  Scope of Review.

We review attorney disciplinary matters de novo.  *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Bernard,* 653 N.W.2d 373, 375 (Iowa 2002).  We give the findings of the Commission weight, but are not bound by them.  *Id.*

### IV.  Violation.

A lawyer may not charge or collect an illegal or clearly excessive fee.  DR 2—106(A).  Carty violated this rule in three ways.

First, Carty violated DR 2—106(A) when he accepted a full probate fee prior to the time he filed the final report and paid the costs, contrary to the Iowa Rules of Probate Procedure.  *See* Iowa Ct. R. 7.2(4) ("One half of the fees for ordinary services may be paid when the federal estate tax return, if required, and Iowa inheritance tax return, if required, are prepared. . . .  The remainder of the fees may be paid when the final report is filed and the costs have been paid.").  The collection of the full fee was illegal.

Second, Carty violated DR 2—106(A) when he failed to amend his ordinary fee claim once the gross value of the estate was reduced to reflect the correct amount.  An attorney may not be compensated for ordinary services in a probate proceeding in an amount greater than the fee schedule under Iowa Code section 633.197 (2001).  This fee schedule caps the maximum fee at two percent of the amount of the gross estate over $5000, as disclosed in the probate inventory, plus $220.  The collection of a probate fee in excess of the amount permitted by statute is illegal.

Finally, Carty violated DR 2—106(A) when he charged and collected duplicative fees for extraordinary services.  Carty submitted a

claim for extraordinary services that included ordinary services for which he had previously been compensated. He charged and collected an illegal fee.

Although the violations resulted in part from miscommunication between Carty and his secretary, this circumstance does not excuse Carty from his violations. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman*, 674 N.W.2d 129, 137–38 (Iowa 2004) (alleging an error was made due to a change in secretaries). Carty violated DR 2—106(A). By violating this disciplinary rule, he also violated DR 1—102(A)(1). Similarly, Carty also violated DR 1—102(A)(6). *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Johnston*, 732 N.W.2d 448, 454 (Iowa 2007).

## V. Discipline.

Carty is not the first Iowa lawyer to collect illegal or excessive fees in a probate proceeding. In prior cases, the resulting discipline has ranged from a reprimand to a suspension of various degrees. *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 340 (Iowa 1999) (suspension not less than six months); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Evans*, 537 N.W.2d 783, 786 (Iowa 1995) (suspension not less than thirty days); *Comm'n on Prof'l Ethics & Conduct v. Winkel*, 415 N.W.2d 601, 602 (Iowa 1987) (reprimand). The case that best approximates the conduct that occurred in this case is *Evans*. In that case, an experienced probate attorney collected fees that were both premature and excessive. 537 N.W.2d at 784–85. The attorney was suspended from the practice of law for thirty days. *Id.* at 786. However, we find aggravating circumstances in this case that were not present in *Evans*. Carty never took any action to correct the obvious excessive fees

for ordinary and extraordinary services once the mistakes were discovered. This conduct reflects adversely on Carty and warrants additional discipline.

We conclude Carty should be suspended from the practice of law for sixty days. Prior to his reinstatement under Iowa Court Rule 35.12(2), Carty shall make restitution in the amount of $6165 to the trust established under the Beech will for distribution to the beneficiaries of the trust. We conclude Carty received ordinary fees of $1665 in excess of the maximum fee permitted under section 633.197, and that $4500 of his fees for extraordinary services was ordinary services or should have been included as ordinary services. Carty shall also be responsible for any fees, expenses, and costs incurred in making the restitution.

## VI. Conclusion.

We suspend Carty's license to practice law in Iowa for a period of sixty days. The suspension imposed applies to all facets of the practice of law as provided by Iowa Court Rule 35.12(3) and requires notification of clients as provided in Iowa Court Rule 35.21. Carty shall make restitution as provided in this opinion, and no automatic reinstatement, as provided under Iowa Court Rule 35.12(2), shall be ordered until all restitution has been made. The costs of this proceeding are taxed against Carty pursuant to Iowa Court Rule 35.25(1).

**LICENSE SUSPENDED.**