# IN THE SUPREME COURT OF IOWA

No. 108 / 06-0372

Filed October 20, 2006

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Appellant,

vs.

**K. G. T.,**

Appellee.

_____

On review of the report of the Grievance Commission.

The Iowa Supreme Court Attorney Disciplinary Board appeals the determination of the Grievance Commission that Iowa Court Rule 35.3 did not apply retroactively to K.G.T.'s disciplinary proceedings. **REVERSED AND REMANDED.**

Charles L. Harrington and Teresa Vens, Des Moines, for appellant.

K. G. T., Larchwood, appellee, pro se.

**CADY, Justice.**

In this attorney disciplinary proceeding, we must decide if the Grievance Commission of the Supreme Court of Iowa (the "Commission") erred in ruling that amended Iowa Court Rule 35.3 did not apply to permit the Iowa Supreme Court Attorney Disciplinary Board (the "Board") to file a complaint with the Commission against an attorney after the Board had decided to dispose of the original complaint against the attorney by a reprimand. On interlocutory review, we reverse the decision of the Commission, and remand for further proceedings.

## I. Background Facts and Proceedings

K.G.T. is an Iowa lawyer. In February 2005, he contacted the Board and reported that he may have engaged in conduct in violation of the Code of Professional Responsibility. K.G.T. self-reported that, in his capacity as an assistant county attorney, he signed the name of a judge, without authorization, on a hearing order in a juvenile case, and filed the order with the clerk of court.

On June 15, 2005, the Board considered the complaint and voted to publicly reprimand K.G.T. for his conduct. The Board prepared a letter of public reprimand on July 20, 2005. The letter was then filed with the clerk of the Commission, who eventually served K.G.T. with the letter by certified mail on August 25, 2005. This service was preceded by two unsuccessful attempts to serve K.G.T. by certified mail.

On October 19, 2005, after receiving notice of the letter of reprimand, we declined to include the reprimand letter in the public records of our clerk of court. Instead, we remanded the matter to the Board for further consideration.

After further consideration, the Board filed a two-count complaint against K.G.T. Count I of the complaint was based on the same matter

that was the subject of the letter of reprimand. K.G.T. filed an answer to the complaint. The answer to count I admitted the allegations, but K.G.T. additionally moved to dismiss the count. He claimed we had no authority to reject the Board's letter of reprimand because the rule authorizing the supreme court to remand a letter of reprimand was not effective until July 1, 2005, and the rule did not apply to the conduct he reported in February 2005.

The Commission granted the motion to dismiss count I. It held that the rule authorizing the supreme court to reject a letter of public reprimand by the Board could not be applied retroactively to conduct by an attorney that the Board determined, prior to the effective date of the rule, would result in a letter of public reprimand.

The Board sought, and we granted, permission to appeal the decision of the Commission. The Board argued that the rule authorizing the supreme court to remand a letter of public reprimand for further consideration by the Board applies retrospectively to all cases pending at the time the rule became effective as long as a hearing on the complaint has not yet been commenced before the Commission.

## II. Standard of Review

"We review rulings and reports of the grievance commission de novo." *Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. D.J.I.*, 545 N.W.2d 866, 871 (Iowa 1996) (citing Iowa Sup. Ct. R. 118.10 (current version at Iowa Ct. R. 35.10(1))).

## III. Discussion

The Board is charged with the responsibility to accept and act upon complaints from any person alleging ethical violations by lawyers. *See* Iowa Ct. Rs. 34.1, 34.5. In response to a complaint, the Board may pursue a variety of actions, including taking the complaint under

consideration at periodic Board hearings and meetings. Iowa Ct. R. 34.8. After considering a complaint at such a hearing or meeting, the Board may, among other actions, reprimand the lawyer and file a written reprimand as provided by rule 35.3. *See* Iowa Ct. R. 34.11(4).

Rule 35.3 governs the reprimand of an attorney by the Board. *See* Iowa Ct. R. 35.3. Prior to July 1, 2005, the rule provided that a copy of the reprimand be filed by the Board with the clerk of the Commission, who is required to serve the reprimand on the attorney. *Id.* After service, an attorney who fails to file an exception to the reprimand is deemed to consent that the reprimand be final and public. *Id.* The clerk then provides the supreme court with a copy of the reprimand, together with a declaration that no exception was taken, and the supreme court must direct the reprimand be made a public record of the court. *Id.* This action then concludes the matter.

On April 20, 2005, rule 35.3 was amended to give the supreme court the option of remanding the matter to the Board for consideration of another disposition, in lieu of concluding the matter by making the reprimand a public record. *See* Iowa Ct. R. 35.3. This rule allows the supreme court to reject reprimands viewed to be too harsh or too lenient, or otherwise inappropriate. Importantly, the amended rule did not go into effect until July 1, 2005. *Id.*

The dispute in this case arises because the amended rule went into effect after the Board decided to issue a reprimand. K.G.T. asserts that count I of the complaint must be governed by the procedure that was in place at the time the Board voted to impose a reprimand. He claims, and the Commission held, the current procedure giving the supreme court the option of remanding a Board reprimand for further consideration cannot apply retroactively to count I of the complaint.

It is the general rule that statutes and rules are presumed to apply prospectively to actions that arise after the effective date of the enactment. *See Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682 (Iowa 2002); *D.J.I.*, 545 N.W.2d at 872. This presumption exists only if there is no additional enactment that expressly makes the law or rule retrospective. *See In re Marriage of Williams*, 595 N.W.2d 126, 130 (Iowa 1999) ("A statute is presumed to be prospective in its operation unless expressly made retrospective." (Citation omitted.)). This same approach "applies to our construction of court rules." *D.J.I.*, 545 N.W.2d at 872.

There is a disciplinary rule that specifically addresses the prospective and retrospective application of the other disciplinary rules governing attorney discipline. Thus, we look to the rule for guidance. Iowa Court Rule 35.24 provides:

> These rules shall have prospective and retrospective application to all alleged violations, complaints, hearings, and dispositions thereof on which a hearing has not actually been commenced before the Grievance Commission prior to the effective date of these rules.

In *D.J.I.*, we considered the application of this rule and recognized that the rules governing Commission proceedings apply retroactively to alleged violations and complaints when a hearing has not been commenced at the time of the effective date of the rule. 545 N.W.2d at 872. Thus, an amendment to a rule applies to a pending disciplinary matter unless a hearing before the Commission has been commenced. *Id.* In *D.J.I.*, we held the pertinent rule had retroactive application because "[t]he record show[ed] a hearing on the merits of the disciplinary complaint filed by the Board against respondent ha[d] not been commenced and [was] stayed pending resolution of this interlocutory appeal." *Id.*

At the time rule 35.3 was *amended* to authorize the supreme court to reject a Board reprimand, the matter in this case had not reached the commission stage of the disciplinary process. Instead, the matter was still before the Board, and it sought to dispose of the matter without filing a complaint with the Commission for prosecution. *See* Iowa Ct. R. 34.11(5). The only action that had been taken on the original complaint at the time of the *effective* date of the amendment to rule 35.3 was the Board's decision to dispose of the complaint by a reprimand. Thus, no hearing had "actually been commenced before the Grievance Commission prior to the effective date" of amended rule 35.3. *See* Iowa Ct. R. 35.24. As a result, the amended rule applies retrospectively pursuant to the language of rule 35.24.

Finally, the Board had not filed its reprimand with the clerk of the Commission at the time of the effective date of the new rule, and K.G.T. had not been placed in a position to object or consent to the reprimand. Thus, K.G.T. did not take any action in reliance on the prior procedural rule. For that reason, the retrospective application of the rule to this case does not, contrary to the decision of the Commission, implicate any additional principles of fundamental fairness or fair play that might entitle K.G.T. to relief.

## IV. Conclusion

We conclude the Commission erred in dismissing count I of the complaint. We reject all grounds relied upon by the Commission. We reverse the decision of the Commission and remand for further proceedings.

**REVERSED AND REMANDED.**

All justices concur except Streit and Hecht, JJ., who take no part.