# IN THE SUPREME COURT OF IOWA

No. 13–0856

Filed November 8, 2013

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD,**

Complainant,

vs.

**ATTORNEY DOE NO. 762,**

Respondent,

**JANE DOE** and **JOHN DOE,**

Appellants.

---

On review of the report of the Grievance Commission of the Supreme Court of Iowa.

A witness in a proceeding before the Grievance Commission of the Supreme Court of Iowa filed an interlocutory appeal after the commission quashed the appearance of her counsel. **REVERSED AND REMANDED.**

Charles L. Harrington and Amanda K. Robinson, Des Moines, for complainant.

Max E. Kirk and Eashaan Vajpeyi of Ball, Kirk & Holm, P.C., Waterloo, and Heather A. Prendergast of Roberts, Stevens, Prendergast & Guthrie, P.L.L.C., Waterloo, for respondent.

Roxanne Barton Conlin of Roxanne Conlin & Associates, P.C., Des Moines, for appellants.

**APPEL, Justice.**

We are called upon to consider whether a witness testifying before the Grievance Commission of the Supreme Court of Iowa is entitled to the presence of counsel. In this case, the commission president entered an order which, among other things, quashed the appearance of an attorney for a witness before the commission. We conclude a person called upon to be a witness before our grievance commission may be represented by counsel for the limited purpose of protecting rights personal to the witness in the proceeding.

## I. Factual Background and Proceedings.

A client, Jane Doe, filed a complaint with the Iowa Supreme Court Attorney Disciplinary Board alleging she was subjected to sexual misconduct by an attorney, Attorney Doe, when she and her husband were Attorney Doe's clients. The Board subsequently filed a complaint against Attorney Doe on the basis of Jane's allegations. A division of the grievance commission was appointed to hear the complaint. The commission scheduled a hearing for June 24, 2013.

On May 16, attorney Roxanne Conlin filed an appearance on behalf of Jane before the commission and requested a continuance of the scheduled hearing. Conlin advised the commission that Jane had filed a civil lawsuit in Black Hawk County related to events alleged in the complaint and that it would be unfair to require her to testify before the commission without her counsel present. Conlin further advised she would be out of the state when the hearing was scheduled to receive treatment to ensure full recovery from a recent stroke. She asked that the hearing be continued so that she could be present when her client testified before the commission.

On May 23, Attorney Doe responded by objecting to the appearance and request for continuance. Attorney Doe noted the hearing was originally scheduled for February 13, 2013, and was continued at the Board's request so further discovery could take place. Attorney Doe emphasized that attorney disciplinary proceedings are intended to be held within a short time after the complaint has been filed. *See* Iowa Ct. R. 35.7(1) (stating hearings should not be held more than ninety days after complaint has been served). Attorney Doe noted that Jane filed her civil action on September 10, 2012, and that Conlin had ample time to file an appearance sooner.

Attorney Doe took no position on whether Conlin should be allowed to enter an appearance on behalf of Jane as the complaining witness, except to state that he "objects to attorney Conlin participating in any capacity resembling that of an attorney representing the Board or aiding in the Board's prosecution of the matter." Attorney Doe urged that Conlin be "precluded from acting as counsel or co-counsel on behalf of the Board during the hearing on the matter."

In its response, the Board did not object to Conlin's appearance or request for a continuance. The Board remarked the requested continuance was not lengthy and noted Attorney Doe had previously moved for an indefinite stay of the proceedings pending the outcome of the civil suit. According to the Board, in light of Attorney Doe's request for a more lengthy delay, Conlin's request for a brief delay seemed reasonable. The Board observed that Conlin's stroke and subsequent recovery were not predictable and that, even if Conlin had filed an earlier appearance, the parties would still have had to address the scheduling conflict.

On the same day Attorney Doe and the Board filed their responses, the commission president issued an order. The order stated that hearings before the commission were confidential and that there was no rule entitling a witness to have an attorney present or to have an attorney participate in proceedings before the commission. The order noted that while Jane argued it would be unfair to require her to testify without counsel present, she had not set forth the specific nature of the alleged unfairness. Further, the order indicated the commission had not found authority supporting Jane's position. The order indicated fairness to the respondent was the paramount concern before the commission and the rules requiring confidentiality of the proceedings were for the benefit and protection of the respondent. The order found the absence of her attorney from the hearing would cause no unfairness to Jane. Based on the above reasoning, the order quashed Conlin's appearance and denied her request for a continuance. The order also admonished Conlin that to the extent she had already participated in commission proceedings, they were confidential under Iowa Court Rule 36.18 and were not to be disclosed to third parties except in very limited circumstances.

Jane sought interlocutory review of the commission's order, which we granted.

## II. Standard of Review.

We review rulings of the grievance commission de novo. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. K.G.T.*, 722 N.W.2d 787, 789 (Iowa 2006).

### III. Discussion.

### A. Context of Issues Raised on Appeal.

1. *Overview of Iowa attorney disciplinary process and related caselaw.* This court bears the responsibility of ensuring that Iowa lawyers comply with the Iowa Rules of Professional Conduct. We fulfill this responsibility employing a process established through our court rules. *See generally* Iowa Ct. Rs. chs. 34–36 (containing the rules governing the Board, attorney discipline process, and commission).

Under the established process, the Iowa Supreme Court Attorney Disciplinary Board may investigate complaints regarding attorney misconduct. *Id.* r. 34.8(1)(*c*). When, based on the investigation, the Board determines prosecution is warranted, the Board may file a complaint against the attorney with the commission. *Id.* rs. 34.11(5), 36.3. A panel of commissioners is then selected to hear the evidence, *see id.* r. 36.14(1), and may either dismiss the case, issue a private admonition, or recommend that we reprimand the attorney or suspend or revoke the attorney's license to practice law, *id.* r. 35.10. In any case in which the commission recommends a reprimand, suspension, or revocation, the commission files findings of fact, conclusions of law, and recommendations in this court. *Id.* While we are respectful of the commission's findings, conclusions, and recommendations, we engage in a de novo review of the record. *E.g.*, *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McCarthy*, 814 N.W.2d 596, 601 (Iowa 2012). The overarching purpose of this disciplinary process is to aid this court in exercising its responsibilities in regulating the legal profession in Iowa.

The rules governing our disciplinary procedure also contain a number of provisions related to confidentiality. For instance, commission hearings are closed to the public. *Id.* r. 36.14(1). Records

and documents related to a disciplinary hearing are confidential, though certain documents become public if the commission recommends that we reprimand the attorney or suspend or revoke the attorney's license. *Id.* rs. 35.7(1), 36.18(1). In such situations, only the complaint, the commission's report of reprimand, and the commission's recommendations for license suspension or revocation become public documents. *Id.* r. 36.18(2). A witness who appears in a disciplinary proceeding is bound by confidentiality rules and must swear by oath or affirmation to that effect. *Id.* r. 36.18(4). Testimony before the commission, as long as it does not become part of a document subject to disclosure under rule 36.18(2), is not subject to discovery, cannot be obtained by subpoena, and is inadmissible in any civil proceeding. *See id.* r. 36.18(3). Further, testimony with respect to a complaint submitted to the commission is privileged and cannot provide the foundation for a separate lawsuit. *Id.* r. 35.24(1). However, the commission may disclose information regarding possible criminal violations to appropriate law enforcement authorities, to attorney disciplinary authorities, and to the Iowa Commission on Judicial Qualifications. *Id.* r. 36.18(7).

Our rules provide that an attorney who is a respondent in a disciplinary proceeding is entitled to representation by counsel. *Id.* r. 36.14(3). Our rules do not address whether a witness is entitled to have an attorney present at a disciplinary hearing and, if so, to what extent a witness's counsel may participate in the proceeding. There is similarly no applicable caselaw on these issues.

2. *Positions of the parties.* Jane argues the presentation of evidence during a hearing before the commission must conform to the Iowa Rules of Civil Procedure and the Iowa Rules of Evidence. *See* Iowa Ct. R. 36.14(4). She points out that in civil proceedings before the

district court, which are conducted in accordance with these rules, counsel for witnesses are routinely in attendance. Jane sees no reason not to take a similar approach in hearings before the commission, particularly in light of rule 36.14(4)'s explicit incorporation of the procedural and evidentiary rules ordinarily applied in district court proceedings.

Jane concedes no rule expressly authorizes counsel to be present, but puts forward the opposite side of the coin—namely, that no rule *prohibits* the participation of counsel for a witness. She then cites policy reasons for allowing her access to counsel during her testimony. For instance, Jane emphasizes that providing an environment in which she may testify "fully, fairly, and comfortably" is in the commission's interest. She notes the subject matter in this case involves an alleged sexual assault, which, she argues, is a subject matter the legislature has recognized in other contexts as particularly sensitive. *See* Iowa Code § 229A.5A(1) (2013) (granting "[a]ny person compelled to appear under a demand for oral testimony" the right to be "accompanied, represented, and advised by counsel at the person's own expense"). Jane more generally argues the exclusion of counsel will undermine the fairness and integrity of proceedings before the commission.

Jane further asserts the Sixth Amendment right to counsel should apply to a witness in a proceeding before the commission when the witness has a vested interest in the proceeding. According to Jane, she has a vested interest at stake because her testimony, even if confidential, may have an impact on the civil proceeding for the reason that Attorney Doe's counsel will have knowledge of it.

In addition, Jane argues that while a witness may not have a right to participate generally in the proceedings, he or she should nonetheless

be afforded the right to counsel to take advantage of certain protections, such as the privilege against self-incrimination and the attorney–client privilege. Jane, quoting *People v. Ianniello*, 235 N.E.2d 439, 443 (N.Y. 1968), notes that " '[f]aced with a confusing variety of rules concerning the existence and scope of his privileges, a witness should not be required to make these choices unaided by his lawyer.' " *See also People v. Smays*, 594 N.Y.S.2d 101, 105 (N.Y. Sup. Ct. 1993) (discussing *Ianniello*).

Jane argues confidentiality concerns regarding the presence of her counsel during her testimony are misplaced. Jane asserts her counsel will be bound by the same confidentiality requirements as others who attend the hearing. *See Op. of the Justices to the Governor*, 371 N.E.2d 422, 424–25 (Mass. 1977) (holding the presence of counsel for a witness did not violate grand jury secrecy). Jane also notes her counsel would be bound by the Iowa Rules of Professional Conduct.

Finally, Jane asserts an overly broad application of confidentiality rules may violate First Amendment rights. She cites cases in which courts have found rules prohibiting disclosure unless and until formal charges were filed was an unconstitutional restriction on free speech. *See In re Brooks*, 678 A.2d 140, 146 (N.H. 1996); *R.M. v. Supreme Ct.*, 883 A.2d 369, 381 (N.J. 2005); *Doe v. Doe*, 127 S.W.3d 728, 736 (Tenn. 2004).

The Board, for the most part, sides with Jane. According to the Board, past practice has been to allow witnesses to be accompanied by counsel when testifying before the commission. The Board notes a complaining witness often has a pending civil action against the attorney who is subject to the grievance proceeding. The Board states its counsel is often asked for legal advice by complaining witnesses, but that it is not

permitted to provide such advice. The Board agrees with Jane that the presence of a witness's counsel will not compromise the confidentiality of the proceeding. The Board further notes alleged victims of sexual assault may have to face their perpetrators in grievance commission hearings and argues the presence of counsel will allow these victims to successfully navigate the proceedings.

Attorney Doe objects to the presence of an attorney for Jane. Attorney Doe asserts Jane's primary motivation is to protect her civil cause of action against him. He notes Jane has cited no specific rule of civil procedure or evidence requiring the presence of counsel for a witness in a proceeding before the commission.

As to the protection of privileges, Attorney Doe asserts Board counsel will be able to object to questions that might inappropriately delve into privileged communications. Attorney Doe also argues that Jane's counsel can properly instruct her prior to the hearing as to how to assert a privilege and that, if a controversy arises as to whether a communication is privileged, the commission can determine whether a privilege is involved and instruct her whether to answer following an *in camera* examination. Further, Attorney Doe asserts our court rules preclude the use of testimony given before the commission in a subsequent civil action. He cites Iowa Court Rule 36.18(3), which states that records and papers before the commission are generally "privileged and confidential and . . . not subject to discovery, subpoena, or other means of legal compulsion." He also cites Iowa Code section 147.135(2), which provides similar protections for medical peer review records. Therefore, Attorney Doe argues, the risk of adverse action resulting from an inadvertent disclosure of privileged information is minimal.

**B. Overview of Representation of Witnesses in Legal Proceedings.**

1. *Attorney disciplinary procedures in other states.* In light of the lack of express Iowa authority on the issue, we look to the law of other states to provide illumination on the issues posed here. Like Iowa, however, the disciplinary rules of most states are silent on the question of whether witnesses are entitled to legal counsel. Virginia and the Virgin Islands, however, expressly authorize a complaining witness to have an attorney present. *See* Rules of the Supreme Ct. of VA, Pt. 6, § 4, para. 13–12(E); V.I. Ct. R. 207.1.8(a)(10). The parties have not cited any case on whether a witness may have counsel in attendance or participating in an attorney disciplinary proceeding while he or she is testifying from any jurisdiction that does not have an explicit rule relating to the presence of counsel for witnesses. Further, in some states, disciplinary proceedings are open to the public. Where disciplinary proceedings are open to the public, confidentiality concerns such as those raised in this case may not be present.

2. *State and federal grand jury proceedings.* Both parties draw analogies to support their position from grand jury proceedings. The Fifth Amendment to the United States Constitution states that "[n]o persons shall be held to answer for a capital or otherwise infamous crime, unless on a present or indictment of a Grand Jury." Ordinarily, counsel for a witness is not allowed to be present during a federal grand jury proceeding. *See In re Groban*, 352 U.S. 330, 333, 77 S. Ct. 510, 513, 1 L. Ed. 2d 376, 380 (1957). Witnesses, however, are permitted to consult with lawyers before and after grand jury testimony. Further, it appears to be a common practice to allow a witness to leave the grand jury room to consult with counsel outside the presence of the grand jury.

The exclusion of lawyers for witnesses from federal grand jury proceedings when their clients testify has been subject to intense debate. The American Bar Association and the National Association of Criminal Defense Lawyers have all proposed that counsel for witnesses be allowed into the grand jury room during questioning. *See* John F. Decker, *Legislating New Federalism: The Call for Grand Jury Reform in the States*, 58 Okla. L. Rev. 341, 367 & nn.243–44 (2005) [hereinafter Decker]. Advocates for this position assert that grand jury proceedings can be intimidating, that witnesses may be confused by questioning, and that lay witnesses do not fully understand the implications of questions implicating constitutional, statutory, or common law privileges. *Id.* at 386; Gerald B. Lefcourt, *Curbing Abuse of the Grand Jury*, 81 Judicature 196, 198 (1998) [hereinafter Lefcourt]; *see also United States v. Soto*, 574 F. Supp. 986, 993 (D. Conn. 1983). These advocates further cite the shuttling of a witness back and forth from the jury room to meet with counsel as an inefficient and demeaning process. *See* Decker at 369; Lefcourt at 197.

Many states have, by statute, elected to expand the availability of legal counsel for witnesses in grand jury proceedings beyond the federal model. According to a recent commentator, twenty-four states have created a statutory right to counsel of some kind for witnesses in grand jury proceedings. Decker at 369 & n.266. Additionally, thirteen states provide for the right to counsel for all witnesses, seven limit the right to targets of the investigation, two condition the right to counsel on a grant of immunity, and one conditions the right to counsel on a waiver of immunity. *See id.* at 370 & nn.267–70. The Iowa rule does not expressly provide for the representation of witnesses. *See* Iowa R. Crim. P. 2.3.

3. *Administrative proceedings.* The Federal Administrative Procedure Act provides that a subpoenaed witness is "entitled to be accompanied, represented, and advised by counsel" in an administrative proceeding. 5 U.S.C. § 555(b) (2013). Many federal agencies, however, by rule expand on the role of a witness's counsel in these proceedings. For instance, a number of federal agencies allow an attorney to advise a witness during the proceeding, make objections on the record in connection with the examination of the attorney's client, briefly question the client at the conclusion of the client's examination for clarification purposes, and make summary notes during the testimony for the use and benefit of the witness. *See, e.g.*, 12 C.F.R. § 308.148(b) (2013) (Federal Deposit Insurance Corporation); *id.* § 622.105(b) (Farm Credit Administration); 17 C.F.R. § 11.7(c)(1) (Commodity Futures Trading Commission); *id.* § 203.7(c) (Securities and Exchange Commission); *see also* 47 C.F.R. § 1.27 (Federal Communications Commission). Some agencies provide fairly elaborate regulations regarding the participation of counsel for a witness. *See, e.g.*, 16 C.F.R. § 2.9(b) (prohibiting, in a proceeding before the Federal Trade Commission, a witness's counsel from consulting with his or her client while a question to the client is pending, except with respect to questions involving "protected status," elaborating on the procedure to follow in the event of an objection, and elaborating on the hearing official's role in presiding over a proceeding in which there is an objection); *id.* § 1605.8 (elaborating on the procedure to follow in making objections before the Consumer Product Safety Commission).

The Iowa Administrative Procedure Act does not contain a provision comparable to the federal provision relating to the right of witnesses to be represented by counsel. However, the Iowa Division of

Credit Unions grants witnesses testifying during formal investigative proceedings the right to be "represented and advised by counsel" in much the same manner as federal agencies who allow an attorney to advise a witness before, during, and after the conclusion of the examination, to ask clarifying questions, and to make summary notes. Iowa Admin. Code r. 189—14.6(5)(*b*). Similarly, the Office of Citizens' Aide/Ombudsman grants witnesses the right to be "accompanied and advised by counsel." Iowa Admin. Code r. 141—2.10(4). That provision further provides that "only counsel may speak or raise objections to questions on behalf of the witness" and that "objections to questions shall be noted but the witness shall answer all questions, except when a privilege or immunity accorded to the witness has been asserted." *Id.*

4. *Civil trials.* There is very little authority regarding the representation of witnesses at civil trials. There are cases, however, that indicate a witness may be represented by counsel at trial in order to object to questions calling for testimony about privileged matters or questions deemed abusive or harassing. *See, e.g., In re Petition to Quash Subpoena Ad Testificandum,* No. 102660/2012, 2012 WL 5187328, at *6 (N.Y. Sup. Ct. Oct. 15, 2012) (unreported decision); *see also Graves v. State,* 489 S.W.2d 74, 82 (Tenn. Crim. App. 1972); *State v. Barker,* 86 P. 387, 388 (Wash. 1906). There is some authority for the proposition, however, that an attorney for a witness in a civil trial has no general right to participate in the proceeding or to make routine objections that a party might make. *See State v. Newman,* 568 S.W.2d 276, 282–83 (Mo. Ct. App. 1978).

**C. Analysis of Issues in this Case.** Through our attorney disciplinary system, we seek to provide a broad channel for clients and others to file complaints regarding alleged misconduct of Iowa lawyers

and to provide a procedure for fair and efficient resolution of these complaints. We have no interest in erecting barriers that tend to deter the filing of potentially meritorious complaints. At the same time, we recognize that not all complaints are meritorious and that disputes of fact or law must be vetted through an adversarial process. We further recognize that in order to prevent needless and potentially irreparable harm to an attorney's reputation when serious violations are not founded, our rules generally provide for the confidentiality of disciplinary hearings. *See State v. Baker*, 293 N.W.2d 568, 576 (Iowa 1980).

The commission president's order quashing Conlin's appearance offers several reasons for the decision. The order noted that while our rules authorize an attorney for the respondent to participate in the proceedings, the rule does not expressly authorize an attorney for a witness to attend a disciplinary hearing. The order also indicated the ability of the commission to protect the confidentiality of the proceedings would be impaired by the presence of counsel for a witness. Finally, the order suggested Jane failed to indicate why it would be unfair to prohibit her from having counsel present during her testimony.

To determine whether the order was proper, we first analyze the nonconstitutional question of whether our rules prohibit a witness from having a lawyer in a disciplinary proceeding. If our rules do not, we must determine whether we should permit a witness to have an attorney in the disciplinary proceeding. Finally, if a witness is entitled to the presence of counsel, we must determine the scope of the attorney's participation in the hearing.

We first consider whether our rules, which authorize the presence of an attorney for a respondent, but not for a witness, should be read to bar a witness from having an attorney present when the witness testifies

in a disciplinary proceeding. All parties agree there is no express rule authorizing a witness to have legal counsel present at a disciplinary proceeding.

Our rule relating to the right of a respondent to have legal counsel, however, ensures that a respondent has the right to have counsel participate *in the entire proceeding*. *See* Iowa Ct. R. 36.14(3) ("The respondent may defend and shall have the right to participate in the hearing in person and by counsel . . . ."). We agree with the commission that the rule does not authorize an attorney for a witness to participate *in the entire proceeding*. Such a rule would be cumbersome and difficult to manage in a disciplinary action potentially involving many witnesses. It would be contrary to the established practice in many other types of adversarial proceedings in which attorneys for witnesses are allowed only limited participation. Further, we decline to require a respondent's attorney to respond to multiple lawyers playing what could amount to a tag-team prosecutorial role in a disciplinary proceeding. To the extent the commission's order refuses to allow Conlin to participate as an attorney for her client throughout the entire proceeding based upon our existing rules, we believe the order is on solid ground.

But the issue in this appeal is not whether Conlin may participate in the entire disciplinary hearing. Conlin specifically, and we think wisely, eschews this approach. Instead, she seeks only to be present in the disciplinary hearing as an attorney when her client testifies. We do not think the rule authorizing a respondent to have an attorney participate in the entire proceeding should be read to preclude this limited role sought by Conlin. On this more discrete issue, our rules are silent.

We now turn to the question of whether our rules related to confidentiality should be construed to bar participation of an attorney for a witness in a disciplinary proceeding. Our rules contain provisions designed to protect the confidentiality of attorney disciplinary proceedings. Iowa Ct. Rs. 35.7(1), 36.14(1), 36.14(2), 36.18. Further, as the commission's order correctly points out, confidentiality is for the protection of a respondent. *See Baker*, 293 N.W.2d at 576.

Yet, we do not think the presence of an attorney for a witness during the disciplinary proceeding should be disallowed based upon confidentiality concerns. Like counsel for a respondent, counsel for a witness is subject to the confidentiality requirements of our court rules. While our rules only require witnesses to take an oath of confidentiality and there is no similar provision pertaining to an attorney, we think it is clear that a witness's counsel is bound by the confidentiality provisions of our court rules and, as a result, any oath would be redundant. *See State ex rel. Individual Subpoenaed to Appear at Waukesha Cnty. v. Davis*, 697 N.W.2d 803, 810–11 (Wis. 2005) (holding the requirement that an attorney take a secrecy oath was redundant in light of an order requiring secrecy); *see also Disciplinary Counsel v. Pullins*, 940 N.E.2d 952, 958–59 (Ohio 2010) (noting the fact that attorneys are not required to take a confidentiality oath does not exempt them from their obligation to maintain the privacy of a disciplinary grievance under the Supreme Court Rules for the Government of the Bar of Ohio). We expect that attorneys, who regularly deal with confidential client matters, will honor the confidentiality established by our court rules. They violate the confidentiality rules at their peril.

Having concluded that our rule does not bar the limited participation proposed by Conlin and that our confidentiality rules do not

prohibit such limited participation, we now consider whether there are sufficient reasons to allow Conlin to be present when Jane testifies. We think there are substantial reasons to allow her such limited participation.

We agree with the Board that Jane has not made a detailed presentation regarding the unfairness of depriving her of legal counsel at the disciplinary proceeding. However, the benefits of having legal counsel present when a witness provides testimony under oath are clear. For example, counsel for a witness can ensure legal privileges personal to the witness, such as the attorney–client, physician–patient, or spousal privileges, are asserted and protected in the proceeding. While it is true that testimony in disciplinary proceedings is confidential and inadmissible in other civil proceedings, even limited disclosure of the information involves an invasion of personal interests, could give rise to subsequent waiver issues, and gives rise to fruit-of-the-poisonous-tree problems when, as here, there is pending litigation related to the subject matter of the proceeding.[1] Further, while an attorney may be able to provide general instruction regarding privileges prior to the hearing, the nuances of the law of evidentiary privileges can be complex, particularly for a layperson. The presence of an attorney for a witness will make it more likely that personal privileges will be protected. *See Groban*, 352 U.S. at 345, 77 S. Ct. at 520, 1 L. Ed. 2d at 388 (Black, J., dissenting)

---

[1]We note that while the proceedings are confidential, they do not provide immunity from prosecution. *See* Iowa Ct. R. 36.18(7) (granting the commission the right to release information pertaining to possible criminal violations to law enforcement authorities); *see also State v. Baker*, 293 N.W.2d 568, 576 (Iowa 1980) (noting the intent of the rule granting immunity in disciplinary proceedings "is to protect complainants, witnesses, members of the grievance commission and members of the [Board] and their respective staffs from retaliatory litigation by investigated lawyers, not to protect lawyers from prosecution for criminal offenses").

("The average witness has little if any idea when or how to raise any of his constitutional privileges."); *Ianniello*, 235 N.E.2d at 443 (noting a variety of confusing rules relating to the existence and scope of privileges); *Smays*, 594 N.Y.S.2d at 105 (noting witnesses should be able to consult with counsel about matters of privilege).

While Attorney Doe asserts Board counsel may protect the privileges of a witness, we do not agree. Board counsel lacks standing to assert rights personal to a witness. *See, e.g., State v. McDowell*, 247 N.W.2d 499, 500 (Iowa 1976) (noting a Fifth Amendment privilege is personal to the witness); *State v. Knight*, 204 Iowa 819, 823–24, 216 N.W. 104, 107 (1927) (noting privilege of witness not to disclose confidential communication to physician is personal and cannot be asserted by opposing counsel); *see also* 1 Kenneth S. Broun, *McCormick on Evidence* § 73.1, at 470–71 (7th ed. 2013) (noting that while other persons present at trial may call to the court's attention the existence of a privilege, only the party vested with the privilege has the right to make an objection based on the privilege); *id.* § 119, at 705–06 (discussing the meaning of a privilege "personal in nature" in the context of the privilege against compelled self-incrimination). Further, the interests of the Board and a witness may well be in conflict on the question of whether the witness's privileges should be waived. For example, the Board's interest may be advanced by testimony otherwise covered by attorney–client privilege, spousal privilege, or physician–patient privilege. In addition, Board counsel may not be in a position to understand the interests of the witness or the scope of privileges the witness may wish to assert.

In addition, the presence of a personal attorney may tend to ensure that a lay witness has a greater confidence he or she will be treated with dignity and respect in the confidential proceeding. In connection with

grand jury proceedings, it has been observed that lay witnesses are often unfamiliar with legal proceedings and may have largely unjustified fears or concerns about potential overreaching or intimidation that will be allayed by counsel's presence. *See* Decker at 369; *see also Soto*, 574 F. Supp. at 993. While an attorney disciplinary proceeding is not quite the equivalent of a grand jury proceeding, the setting of giving testimony under oath in the presence of trained lawyers can be an unsettling experience for laypersons.

It is conceivable we could adopt the approach of many jurisdictions in the grand jury setting—namely, that a witness may consult with counsel outside the room where the commission is conducting the hearing. We reject this approach as cumbersome and unnecessary. An attorney physically present in the hearing room will be in a substantially better position to advise a client than an attorney sitting outside who necessarily must rely upon the layperson's limited understanding of the nature of the question and its context. In addition, such a procedure would likely cause more delays than an approach allowing counsel to be present throughout a witness's testimony.

We now turn to the degree to which counsel for a witness is entitled to participate in a disciplinary proceeding before the commission. As in most confidential proceedings where a witness is entitled to counsel, counsel may be present only when a client testifies. Further, the only participation of counsel for a witness in the proceeding must relate to a *personal* interest of the witness. In other words, the parties themselves—the Board and the respondent—are responsible for the development of the record in the proceeding. The role of a witness's counsel is to protect rights personal to his or her client. Objections by counsel for the nonparty witness related to the development of the

record, such as those related to foundation, the form of the question, or hearsay, are not permissible. Except to prevent a misstatement from entering the record, thereby exposing a witness to a potential perjury charge and triggering attorney obligations under rule 32:3.3 of our rules of professional conduct,[2] counsel for a witness is not entitled to examine his or her own witness. The commission, through its chair, has the authority to ensure the hearing proceeds in a fashion consistent with this opinion.[3] *See* Iowa Ct. R. 36:14(4).

## IV. Conclusion.

For the above reasons, the commission's order in this case is reversed. The case is remanded for further proceedings.

**REVERSED AND REMANDED.**

---

[2]Under Iowa Court Rule 32:3.3(a)(3), an attorney must take reasonable remedial measure in the event a client testifies in a fashion the lawyer knows is false.

[3]Because of our disposition, we need not consider any constitutional issues that may be present in this case.