# IN THE COURT OF APPEALS OF IOWA

No. 16-0388
Filed May 3, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MARK REED BRITT,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H.

Davidson, Judge.

Defendant appeals from a restitution order. **APPEAL DISMISSED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee.

Considered by Doyle, P.J., Tabor, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Mark Britt appeals from a district court order compelling him to pay restitution following his conviction for exercising control over a stolen vehicle. Because we conclude his appeal was untimely, we dismiss the appeal for lack of jurisdiction.

On December 9, 2015, the district court issued its final ruling on restitution, ordering Britt to pay $11,264.15. Britt filed a motion for expanded findings and relief, pursuant to Iowa Rule of Civil Procedure 1.904(2), on December 16. The court ruled on that motion on February 29, 2016. Britt filed a notice of appeal on March 1.

It has long been the rule that only a "proper" rule 1.904(2) motion tolls the deadline for an appeal. *See Hedlund v. State*, 875 N.W.2d 720, 725 (Iowa 2016).

> The propriety of a rule 1.904(2) motion depends on the nature of the request it makes of the district court. Rule 1.904(2) generally gives each party an opportunity to request a change or modification to each adverse judgment entered against it by the district court before deciding whether to incur the time and expense of an appeal. A proper rule 1.904(2) motion does not merely seek reconsideration of an adverse district court judgment. Nor does it merely seek to rehash legal issues adversely decided. A rule 1.904(2) motion is ordinarily improper if it seeks to enlarge or amend a district court ruling on a question of law involving no underlying issues of fact. Likewise, a rule 1.904(2) motion that asks the district court to amend or enlarge its prior ruling based solely on new evidence is generally improper. Ordinarily, a proper rule 1.904(2) motion asks the district court to amend or enlarge either a ruling on a factual issue or a ruling on a legal issue raised in the context of an underlying factual issue based on the evidence in the record.
>
> Nonetheless, when a party has presented an issue, claim, or legal theory and the district court has failed to rule on it, a rule 1.904(2) motion is [the] proper means by which to preserve error and request a ruling from the district court. When a rule 1.904(2)

motion requests a ruling on an issue properly presented to but not decided by the district court, the motion is proper even if the issue is a purely legal one.

*Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016) (citations omitted).

Britt raised several issues in his 1.904(2) motion. He used identical language to introduce most of his claims: "From the evidence and/or lack of evidence as a whole, the court has failed to exercise discretion or abused its discretion or has erred in presumptively finding or concluding the State satisfied its burden of proving by a preponderance of evidence" a relevant fact. He also argued the court abused its discretion by imposing a restitution amount greater than the amount requested by the State. These claims do nothing more than rehash previous arguments or raise a new argument for the first time. As a result, the rule 1.904(2) motion was an improper one and did not extend the time for appeal.[1] *See id.* Britt's deadline to appeal, absent a proper rule 1.904(2) motion, was thirty days after the district court's December 9 ruling. *See* Iowa R. App. P. 6.101(1)(b). He did not file his notice of appeal until March 1. We therefore lack jurisdiction to hear this appeal and must dismiss it. *See Hedlund*, 875 N.W.2d at 724–27.

**APPEAL DISMISSED.**

---

[1] In *Hedlund*, our supreme court noted "rule 1.904(2) has been subject to criticism" and that it had "initiated an effort to explore its possible amendment." *Hedlund*, 875 N.W.2d at 727. That amendment has come to fruition, effective March 1, 2017. *See* Iowa Sup. Ct., In re Adopting Amendments to Iowa R. Civ. P. 1.904 & Iowa R. App. P. 6.10 (Nov. 18, 2016), http://bit.ly/2pAkZyE. The amendment does away with the propriety requirement. It is our general rule to interpret changes to court rules prospectively "if there is no additional enactment that expressly makes the law or rule retrospective." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. K.G.T.*, 722 N.W.2d 787, 790 (Iowa 2006). No additional enactment is present here. Nor does Britt argue for retrospective application of the rule. We will not make his argument for him. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). We therefore interpret the rule change to apply prospectively.