# IN THE COURT OF APPEALS OF IOWA

No. 18-2215
Filed December 18, 2019

**IN THE MATTER OF N.P.,**
**Alleged to Be Seriously Mentally Impaired,**

**N.P.,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson (serious mental impairment) and Zachary Hindman (placement), Judges.

Appellant appeals the district court's finding of serious mental impairment, claiming her procedural due process rights were violated. **AFFIRMED.**

Jason Gann and Camille S. Brown of Moore, Heffernan, Moeller & Meis, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

This case concerns an application for involuntary hospitalization under Iowa Code section 229.6 (2018). The applicant alleged N.P. was seriously mentally impaired.

Prior to a scheduled hearing, the judge had a private conversation with the applicant's attorney. Also prior to the hearing, the judge disclosed the private conversation to N.P.'s attorney and the county attorney. The conversation had been procedural in nature. And it had focused on a different case.

During the hearing, the judge allowed the applicant's attorney to appear and present evidence. Ultimately, the court found N.P. was seriously mentally impaired.

N.P. filed a motion for recusal. The motion focused on the judge's prehearing conversation with applicant's counsel.

The court held a hearing on the motion. Ultimately, the court concluded that there had been no impropriety. Nevertheless, the judge elected to recuse.

So a second judge presided over a third hearing. Again, the applicant's attorney participated.

The next day, the court filed an order confirming the prior finding that N.P. was seriously mentally impaired. The court also found that N.P. "remains seriously mentally impaired." The court ordered N.P. returned to the hospital.

On appeal, N.P. raises two procedural due process issues. First, N.P. claims the ex parte communication denied her a fair and impartial hearing. Second, N.P. claims the applicant's attorney should not have been allowed to appear and participate. We find reversal is not warranted.

In an involuntary commitment hearing, the respondent's "liberty interests are at stake." *In re M.T.*, 625 N.W.2d 702, 706 (Iowa 2001). So "it is imperative that the statutory requirements and procedures be followed." *Id.* If they are not, it is our duty to reverse. *See id.*

We begin by addressing the pre-hearing communication. Both attorneys and judges are prohibited from ex parte communications about substantive matters concerning a pending matter. Iowa Ct. Rs. 32:3:5, 51:2.9(A). But here, the communication in question was not substantive. It focused on an administrative question about the process for filing documents. The fact that a hospitalization hearing was scheduled was mentioned in passing. But the focus of the conversation was a different case—an application for guardianship. Additionally, it is undisputed that the judge promptly disclosed the conversation to N.P.'s attorney and the county attorney.

We find no violation by the judge or by the applicant's attorney. We also see no reason to believe the discussion between the judge and the applicant's attorney had any impact on any hearing or on the ultimate outcome.[1]

We turn next to the presence and participation of the applicant's attorney. N.P.'s argument focuses on Iowa Code section 229.12, which governs procedure

---

[1] We also question whether N.P. preserved error. Before recusing, the first judge found N.P. was seriously mentally impaired. Then, at the hearing for placement before the second judge, N.P. conceded that the question of whether N.P. was seriously mentally impaired had already been decided. It was not at issue anymore. That concession appears to waive any claim N.P. has regarding the fairness and impartiality surrounding the finding of serious mental impairment. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived.").

at hospitalization hearings. N.P. argues the district court abused its discretion under Iowa Code section 229.12(2) when it allowed the applicant's counsel to participate in the hearings as a "person[] having a legitimate interest in the proceeding."

"[W]e review issues of statutory interpretation for correction of errors of law." *In re D.M.J.*, 780 N.W.2d 243, 245 (Iowa Ct. App. 2010) (citation omitted). When a statute grants discretion, we review for abuse of discretion. *See Sheer Const., Inc. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 334 (Iowa 1982).

Iowa Code section 229.12 states in pertinent part:

1. At the hospitalization hearing, evidence in support of the contentions made in the application shall be presented by the county attorney. *During the hearing the applicant* and the respondent *shall be afforded an opportunity to testify and to present and cross-examine witnesses*, and the court may receive the testimony of any other interested person. The respondent has the right to be present at the hearing. If the respondent exercises that right and has been medicated within twelve hours, or such longer period of time as the court may designate, prior to the beginning of the hearing or an adjourned session thereof, the judge shall be informed of that fact and of the probable effects of the medication upon convening of the hearing.

2. All persons not necessary for the conduct of the proceeding shall be excluded, except that *the court may admit persons having a legitimate interest in the proceeding* and shall permit the advocate from the county where the respondent is located to attend the hearing. Upon motion of the county attorney, the judge may exclude the respondent from the hearing during the testimony of any particular witness if the judge determines that witness's testimony is likely to cause the respondent severe emotional trauma.

3. a. The respondent's welfare shall be paramount and *the hearing shall be conducted* in as informal a manner as may be consistent with orderly procedure*, but consistent therewith the issue *shall be tried as a civil matter*.

(Emphasis added.)

We find a statute's meaning in the "text of the statute," the "words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (citation omitted).

From our reading of section 229.12 and the record before us, we cannot conclude the district court abused its discretion. Subsection 229.12(1) expressly requires the court to "afford[]" the "applicant" an "opportunity to testify and to present and cross-examine witnesses." And subsection 229.12(2) gives the court discretion to admit any "person" who has "a legitimate interest in the proceeding." If the applicant must be afforded an opportunity to testify and present evidence, certainly the applicant's attorney has a "legitimate interest in the proceeding." *Id.*; s*ee Iowa Supreme Court Att'y Disciplinary Bd. v. Att'y Doe No. 762*, 839 N.W.2d 620, 629–30 (Iowa 2013) (noting "witnesses are often unfamiliar with legal proceedings and may have largely unjustified fears or concerns about potential overreaching or intimidation that will be allayed by counsel's presence" and finding a witness may have counsel present during the witness's testimony).

Likewise, if the applicant must be afforded an opportunity to "present and cross-examine witnesses," surely the applicant's attorney can perform those acts on the applicant's behalf. *See* Iowa Code § 229.12(1). This process, through which a client acts through a lawyer, is a bedrock of our legal system. It is wholly compatible with "orderly procedure" in a case being "tried as a civil matter." *See id.* § 229.12(3)(a).

So we conclude section 229.12 grants the district court discretion to both admit an applicant's attorney and permit that attorney to participate on the

applicant's behalf.  There was no abuse of discretion here.  Nor was there any violation of N.P.'s due process rights.

**AFFIRMED.**